**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Robert Fletcher and Bartlow Gallery LTD , | |
| Plaintiffs, | Case No. 13-cv-3270 |
| v. | Judge Mary M. Rowland |
| Peter Doig, Gordon V. Klasen, Matthew S. Dontzin, and The Dontzin Law Firm, LLP, | |
| Defendants, | |
| v. | |
| William Frederick Zieske, | |
| Respondent. | |

**ORDER**

Respondent William Frederick Zieske, through counsel, moves [418], pursuant to Fed. R. Civ. Pro. 59(e), to amend the award of sanctions entered on December 30, 2022. *Fletcher v. Doig,* 13 cv 3270, 2022 WL 18027447 (N.D. Ill. Dec. 30, 2022). The sanctions were awarded jointly and severally against the Plaintiffs and their counsel, Mr. Zieske, in the amount of $2,525,958.35.[1]

A Rule 59(e) motion requires the movant to clearly establish that the court committed a manifest error of law or fact or that newly discovered evidence precludes entry of judgment. *See A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.,* 963 F.3d 705, 709 (7th Cir. 2020).

Following denial of summary judgment to Defendant, the case proceeded to a bench trial. Zieske first argues that the Court erred by misapplying Seventh Circuit authority finding that survival of summary judgment is inconsistent with the

---

[1] Familiarity with the Order awarding sanctions, *Fletcher v. Doig,* 13 cv 3270, 2022 WL 18027447 (N.D. Ill. Dec. 30, 2022), is presumed.

imposition of sanctions. The Court directly addressed Zieske's "primary arguments against sanctions" being that the case was "objectively reasonable through judgment because it survived summary judgment in April 2016" *Fletcher v. Doig*, 2022 WL 18027447 at *9. The Court, unable to play the role of factfinder, stated that it: "could not have awarded summary judgment to Defendants given the evidence adduced by Plaintiffs—especially Fletcher's assertion that he had seen video interviews of Doig and, based on Doig's mannerisms and gestures in the video, that Doig was the person who he had met in Thunder Bay in the 1970s and who had authored the painting." *Id.*

Zieske asserts the Court misread *LeBeau v. Libby-Owens-Ford Co.,* 799 F.2d 1152 (7th Cir. 1986), where the Court reversed a district court's ordering fees be paid to defendant under Title VII. Respectfully, the Court did not misunderstand *LeBeua* which held that "when a trial judge rules that there are facts under which a plaintiff can prevail, it is *highly inconsistent* for [it] to later find the suit frivolous because it is foreclosed as a matter of law" and also noted that it was not holding "as the dissent assumes, that *no suit* that survives a motion for summary judgment can ever be found frivolous." *LeBeau v. Libbey-Owens-Ford Co.,* 799 F.2d 1152, 1158 and n.7 (7th Cir. 1986) (emphasis added). The Court, aware that the *law allows*, albeit in a rare case, the denial of summary judgment and a finding that pursuing a case was frivolous, carefully reviewed the progression of this case and specifically noted the evidence Defendants presented (an affidavit from the *actual* non famous painter's sister in May of 2014) that made pursuing the case untenable. *Fletcher*, 2022 WL 18027447 at *8.[2] Despite this evidence, the Court was faced, on summary judgment, with a material fact that was the province of the fact finder. This does not amount to a manifest error of law.

Zieske next argues that the Court erred in failing to account for his ability to pay under 28U.S.C. § 1927. Zieske then acknowledges, as he must, that the governing case authority, *Shales v. General Chauffeurs,* 557 F.3d 746, 749-50 (7th Cir. 2009), provides that §1927 damages are akin to damages for an intentional tort and therefore governed by the injury to the tortfeasor not the wrongdoer's ability to pay. The Court committed no manifest error of law in this regard.

Finally, Zieske argues that the Court erroneously presumed the requested fees were reasonable and failed to deduct the erroneous billing by one attorney who billed 78.7 hours in one day. This is not accurate. The Court considered the hourly rates charged and the fact that the defense firm was based in New York, particularly in light of the fact that Defendants had moved to change venue because they lived in New York and Trinidad and Tobago. *Fletcher*, 2022 WL 18027447 at *11. The Court also found that the "case required expertise in art law and demanded resources and

---

[2] Later Zieske was presented with a list of witnesses who could testify to Doig's whereabouts during the relevant time period, underscoring the implausibility of the Plaintiffs' claims. *Id.*

legwork to identify persons who could shed light on Doing's whereabouts and activities four decades ago." *Id.* The Court also considered that Plaintiffs sought nearly $8 million in damages and reviewed the billing statements for thoroughness despite the block billing. *Id.*

As for the 70 hours billed in one day, the Court specifically deducted $40,250 from the sanctions award to account for that billing error. *Id.* at *12. The Court also deducted 20% from the total request after finding that "the firm in some instances billed more than was reasonably necessary for certain tasks and engaged in some billing practices that preclude meaningful review of their reasonableness." *Id.* There is no basis to find that the Court committed a manifest error of law in its review of the billing records. To the contrary its review was careful and deliberate.

A Court never relishes imposing sanctions. The Court in this instance conducted a thorough review of the progression of the case and specifically when certain information became available to Plaintiffs and their counsel in determining that sanctions were unfortunately appropriate. Zieske's motion to amend judgment [418] is denied. Case remains closed.

E N T E R:

Dated: June 12, 2023

MARY M. ROWLAND
United States District Judge